UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **RUSSELL TAYLOR**, <br><br> *Defendant*. | Case No. 1:21-cr-392 (RCL) |

## MEMORANDUM OPINION

Before the Court is the government's motion to stay the magistrate judge's June 11, 2021 order releasing defendant Russell Taylor pending trial. ECF No. 8. The government asks this Court to stay the magistrate judge's order until the Court resolves the government's motion to revoke the release order and detain defendant under the Bail Reform Act. ECF No. 11. Earlier today, the Court held a hearing on the stay motion. The government submitted its motion to revoke the release order minutes before the hearing. ECF No. 11.

The defendant has been charged with six felonies arising from his involvement in the January 6, 2021 riot at the U.S. Capitol. Defendant was taken into custody on June 10, 2021 in the Central District of California. On June 11, 2021, he had his initial appearance pursuant to Federal Rule of Criminal Procedure 5(c)(2) before a U.S. magistrate judge in the Central District of California. At the hearing, the government moved under the Bail Reform Act, 18 U.S.C. § 3142(f), to detain defendant pending trial, but the magistrate judge denied the motion and ordered defendant released. The magistrate judge stayed his order until June 15, 2021 at 5:00 P.M. Pacific Time.

The Court will **DENY** the government's request for a stay of the magistrate judge's order releasing defendant Russell Taylor. The party seeking a stay must, among other things, make "a

1

strong showing that he is likely to succeed on the merits." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).[1]  But under the D.C. Circuit's ruling in *United States v. Munchel*, 991 F.3d 1273 (D.C. Cir. 2021), the government cannot make that showing.  There, the D.C. Circuit held that "to order a defendant preventatively detained, a court must identify an articulable threat posed by the defendant to an individual or the community." *Munchel*, 991 F.3d at 1283.  Applying that rule, the Circuit vacated and remanded this Court's finding that no conditions of pre-trial release for the two defendants would reasonably assure the public safety.  *Id.*  It did so despite the fact that

> (1) the defendants engaged in planning for and were prepared for the riot on January 6, 2021, as reflected by their wearing tactical vests and carrying a backpack with "weapons," which they "stowed" outside the Capitol building when they entered the building; (2) one defendant wore a taser that he brought with him to this district, "holstered on his hip" inside the Capitol building; (3) defendants accompanied the crowd inside the Capitol building to help "shut down" Congress, despite knowing tear gas had been used to keep them out; (4) defendants cheered and encouraged members of the crowd to push forward into the Capitol building; (5) defendants picked up "plastic handcuffs known as 'zip ties'" inside the Capitol building to carry with them along with the taser, as they chanted "Treason! Treason!"; (6) defendants breached so deeply inside the Capitol building that defendants entered the gallery inside the U.S. Senate chamber and one defendant discussed stealing the gavel on the Senate dais; and (7) defendants expressed to media outlets after the Capitol assault, their willingness to "rise up, band together and fight if necessary," for their political views.

*United States v. Owens*, No. 21-CR-286, 2021 WL 2188144, at *6 n.4 (D.D.C. May 28, 2021) (internal citations omitted) (discussing *Munchel*).

---

[1] Courts consider four factors when determining whether a stay is warranted: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 426 (quoting *Hilton*, 481 U.S. at 776).

If these facts are insufficient to support a finding that the defendants "posed an articulable threat to the community in view of their conduct on January 6," *Munchel*, 991 F.3d at 1283, then the facts here are likely insufficient as well, *see Nken*, 556 U.S. at 426.  The Government argues that *Munchel* is distinguishable because although both Munchel and defendant carried a weapon on January 6, defendant used online chat rooms to encourage others to go to the Capitol with weapons that day.  *See, e.g.*, ECF No. 1 at 11.  When probed at the hearing about a future threat, the government pointed to defendant's statement on the evening of January 6, 2021, that what comes next is, "Insurrection!"

Several facts, however, seriously undermine the government's ability to show an identifiable and articulable threat.  First, unlike in *Munchel*, defendant did not go into the Capitol building on January 6.  In fact, he declined to do so *because* he was carrying a knife.  Second, six months have passed since the January 6 riot and defendant has not acted on his statement.  Additionally, defendant has willingly submitted to additional restrictions—like GPS monitoring—to ensure the safety of the community.  *See* 18 U.S.C. § 3142(f).

Upon consideration of the parties' filings, the proffers made at the hearing, and the D.C. Circuit's instructions in *Munchel*, the Court will **DENY** the government's motion for a stay by separate Order.  Defendant will continue to be subject to all the conditions of release imposed by the magistrate judge.

/s/ Royce C. Lamberth

Date: June 15, 2021

Hon. Royce C. Lamberth
United States District Judge