UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.

RUSSELL TAYLOR,
Defendant.

CASE NO. 21-CR-392 (RCL)

Let this be filed
Royce Lamberth
U.S.D.J.  7/7/21

## OBJECTION AND RESPONSE TO GOVERNMENTS MOTION FOR REVOCATION OF RELEASE ORDER

Defendant Russell Taylor, by and through counsel, respectfully opposes and objects to the Government's request to overturn the release order issued by the magistrate judge pursuant to the Bail Reform Act, 18 U.S.C. § 3142 and the June 15, 2021 order of this Court. The Government has provided this Court with no new facts to support its Motion for Revocation (ECF No. 11) since their request to stay was denied and the same facts upon which they seek relief have been previously submitted to this Court and found lacking, the instant Motion should therefore be denied.

With the empty screen before me and tasked to protect my client, the defense would seek to write the germane and applicable piece of legal scholarship. And yet, without false praise to this Court, I concede that this has already been done in the Courts own **Memorandum Opinion (ECF No. 16)**. Should I now seek to improve upon the words that have already been penned, I would only fail and display a lawyer's pomposity to be heard. What I would accomplish is to waste this Courts valuable time by asking it to look at a mere imitation of this Courts work. As Benjamin Franklin noted "If time be of all things the most precious, wasting time must be the greatest prodigality."

The Governments Motion for Revocation (ECF No. 11) has already been viewed, proffers have been made, and their case has been vetted by this Court on June 15, 2021. Given that the standard for a stay is "a strong showing that he is likely to succeed on the merits." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)) and the standard for a detention is the higher standard of "clear and convincing evidence" (18 U.S.C. Section 3142(2)(B) it appears logical that if their request for a stay failed, the Governments Motion for Revocation must now also fail. There is nothing new, nor a change in circumstance, that could bring about a variation in the Courts previous ruling.

Therefore, the defense submits the exact language of this Courts **Memorandum Opinion** as his Opposition to the Governments request with only a few notations of follow up information gleaned since the Courts ruling. For the Courts ease of reading, the defense has placed the June 15, 2021 **Memorandum Opinion** in its fullness here (ECF No. 16). At the end the defense has added a brief synopsis of additional information concerning Mr. Taylor.

## MEMORANDUM OPINION (ECF No.16)

"Before the Court is the government's motion to stay the magistrate judge's June 11, 2021 order releasing defendant Russell Taylor pending trial. ECF No. 8. The government asks this Court to stay the magistrate judge's order until the Court resolves the government's motion to revoke the release order and detain defendant under the Bail Reform Act. ECF No. 11. Earlier today, the Court held a hearing on the stay motion. The government submitted its motion to revoke the release order minutes before the hearing. ECF No. 11.

The defendant has been charged with six felonies arising from his involvement in the January 6, 2021 riot at the U.S. Capitol. Defendant was taken into custody on June 10, 2021 in the Central District of California. On June 11, 2021, he had his initial appearance pursuant to Federal Rule of Criminal Procedure 5(c)(2) before a U.S. magistrate judge in the Central District of California. At the hearing, the government moved under the Bail Reform Act, 18 U.S.C. § 3142(f), to detain defendant pending trial, but the magistrate judge denied the motion and

ordered defendant released. The magistrate judge stayed his order until June 15, 2021 at 5:00 P.M. Pacific Time.

The Court will **DENY** the government's request for a stay of the magistrate judge's order releasing defendant Russell Taylor. The party seeking a stay must, among other things, make "a strong showing that he is likely to succeed on the merits." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).[1] But under the D.C. Circuit's ruling in *United States v. Munchel*, 991 F.3d 1273 (D.C. Cir. 2021), the government cannot make that showing. There, the D.C. Circuit held that "to order a defendant preventatively detained, a court must identify an articulable threat posed by the defendant to an individual or the community." *Munchel*, 991 F.3d at 1283. Applying that rule, the Circuit vacated and remanded this Court's finding that no conditions of pre-trial release for the two defendants would reasonably assure the public safety. *Id.* It did so despite the fact that

> (1) the defendants engaged in planning for and were prepared for the riot on January 6, 2021, as reflected by their wearing tactical vests and carrying a backpack with "weapons," which they "stowed" outside the Capitol building when they entered the building; (2) one defendant wore a taser that he brought with him to this district, "holstered on his hip" inside the Capitol building; (3) defendants accompanied the crowd inside the Capitol building to help "shut down" Congress, despite knowing tear gas had been used to keep them out; (4) defendants cheered and encouraged members of the crowd to push forward into the Capitol building; (5) defendants picked up "plastic handcuffs known as 'zip ties'" inside the Capitol building to carry with them along with the taser, as they chanted "Treason! Treason!"; (6) defendants breached so deeply inside the Capitol building that defendants entered the gallery inside the U.S. Senate chamber and one defendant discussed stealing the gavel on the Senate dais; and (7) defendants

---

[1] Courts consider four factors when determining whether a stay is warranted: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 426 (quoting *Hilton*, 481 U.S. at 776).

expressed to media outlets after the Capitol assault, their willingness to "rise up, band together and fight if necessary," for their political views.

*United States v. Owens*, No. 21-CR-286, 2021 WL 2188144, at *6 n.4 (D.D.C. May 28, 2021) (internal citations omitted) (discussing *Munchel*).

If these facts are insufficient to support a finding that the defendants "posed an articulable threat to the community in view of their conduct on January 6," *Munchel*, 991 F.3d at 1283, then the facts here are likely insufficient as well, *see Nken*, 556 U.S. at 426. The Government argues that *Munchel* is distinguishable because although both Munchel and defendant carried a weapon on January 6, defendant used online chat rooms to encourage others to go to the Capitol with weapons that day. *See, e.g.*, ECF No. 1 at 11. When probed at the hearing about a future threat, the government pointed to defendant's statement on the evening of January 6, 2021, that what comes next is, "Insurrection!"

Several facts, however, seriously undermine the government's ability to show an identifiable and articulable threat. First, unlike in *Munchel*, defendant did not go into the Capitol building on January 6. In fact, he declined to do so *because* he was carrying a knife. Second, six months have passed since the January 6 riot and defendant has not acted on his statement. Additionally, defendant has willingly submitted to additional restrictions—like GPS monitoring— to ensure the safety of the community. *See* 18 U.S.C. § 3142(f).

Upon consideration of the parties' filings, the proffers made at the hearing, and the D.C. Circuit's instructions in *Munchel*, the Court will **DENY** the government's motion for a stay by separate Order. Defendant will continue to be subject to all the conditions of release imposed by the magistrate judge.

Date: June 15, 2021

Hon. Royce C. Lamberth, United States District Judge"

## ADDITIONAL INFORMATION

Mr. Taylor spent his five days incarcerated in the Santa Ana Federal Detention Center in a 23-hour lock down. This time granted him a chance for uninterrupted contemplation and reflection. His singular comment upon release was to declare his goal of following this Courts Orders and focusing on his family.

In the days since Mr. Taylor's release from detention, he has reported to Pre-Trial Services, turned over his Passport, had the GPS monitor placed upon his ankle, and surrendered all of his firearms to a Certified Gun Dealer. All social media type apps from his computer equipment, phone, and digital devices have been removed.[2] He is in compliance with all other orders and has expressed a deep and sincere desire to comply with all rules and instructions of this Court.

He poses no ongoing threat, has taken no affirmative actions related to this case since January 2021 and has not returned to the District of Columbia. Mr. Taylor has been in family therapy since February 2021 and has added individual sessions of therapy beginning this month.

There is no "identifiable and articulable threat" posed by Mr. Taylor and the safeguards in place are sufficient to resolve any concerns that could remotely exist.

---

[2] While the applications have been removed from Mr. Taylor's electronics, care was given not to delete the accounts nor damage any potential evidence or information contained in those accounts or applications.

## CONCLUSION

For the above reasons we ask that the Court deny the Governments request for detention and allow the current orders to stand. Should the words of this reply have failed to convince the Court we would ask for a brief hearing to orally address any further concerns, but this too feels an unnecessary "prodigality" of the Courts time.

Submitted June 30, 2021

Dyke E. Huish
Attorney for Russell Taylor