# IN THE UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA: | CASE NO. 21-CR-392 (RCL) |
| v. | **ADDENDUM/CORRECTIONS TO GOVERNMENTS BREIF/ SENTENCING MEMORANDUM** |
| RUSSELL TAYLOR, Defendant | |
| | **HONORABLE ROYCE C. LAMBERTH UNITED STATES DISTRICT JUDGE** |

Mr. Taylor submits this addendum of information in response to the governments brief. Mr. Taylor understands that the government has prosecuted hundreds of these cases and perhaps sometimes facts between cases might get confused.  And if any of these notations are incorrect on counsels' part we would ask once again that the Court always defer to its memory as opposd to either advocating party.  We impart no malice to the government's attorneys for any mistakes but submit full statements or corrections should be noted in fairness to the Courts evaluation of the matter.[1]

1. (Page 1 and 7) The government states Mr. Taylor carried "Bear Spray" on January 6th.

    Mr. Taylor did not have nor carry "Bear Spray" at any time on January 6th.  He did have a key chain size pepper spray in his backpack.  It was the other Co- Defendants that carried Bear Spray.  This is restated again on Page 7.  The attached picture in the governments brief speaks for itself.

---

[1] Counsel regrets the delay in this response, but a day was needed to make sure the correct exhibits were referenced as he did not have the actual trial exhibits. It also felt more correct to give the government a day to respond as opposed to springing these items in oral argument. Thus, has been the cordial and respectful relationship between the parties. To disagree is expected to be disagreeable is not.  The government has been firm but always respectful of counsel's requests.

Bear spray is an actual product used to repel Bears and can shoot a substantial distance and is very different from pepper spray in its size, content, and purpose.  It comes in a large bottle and generally has a picture of a Grizzley or Black Bear on its label.





2. (Page 1 and Page 6) The government's brief uses the phrase Mr. Taylor "*organized a "group of fighters" to travel to Washington D.C. to obstruct Congress's certification of the 2020 Presidential Election.*" Perhaps this is argument only but appears to be presented as a quote. This again occurs on Page 6 when the government truncates the statement again when they write: .

> *Taylor stated, "[t]his thread is exclusive to be utilized to organize a group of fighters." Exhibit 904.03. He told the group to be prepared for battle by collecting weapons: "I am assuming that you have some type of weaponry that you are bringing with you and plates as well.*

This actual full statement is as follows:

> *"This thread is exclusive to be utilized to organize a group of fighters to have each other's backs and ensure that no one will trample on our rights. Also, if there is key intel that we need to be aware of tor possible threats."*

Counsels would submit that Mr. Taylor is referring in this text to his concerns of potential ANTIFA interference. The mention of "threats" was the specific concern of Mr. Taylor.

3. (Page 1) The government chooses to use the word "led" as if this is a factual statement. The Court has the evidence which indicated that in the scrum referenced Mr. Taylor was not in a leading position at any time. We defer to the Courts knowledge of the case, photos, videos, and page 10 of the Governments brief which makes a more accurate statement without the word "led."

The best and more correct statement can be found in the Statement of Offense on page 9 of 12 Section 32:

**"The defendant closely followed by Hostetter, <u>joined</u> a group of rioters pushing past law enforcement officers"**

Emphasis on the word "joined" as opposed to the governments term "led."

4. (Page 3) The government inserts two of Hostetter's statements and then states "*Taylor was aware of Hostetter's pronouncements*" This is mere speculation. We believe Exhibit 305 was a rant Hostetter made on his phone while driving to D.C. We agree that Taylor did hear some of Hostetter's statements, but he did not agree or act upon Hostetter's more violent words. This is further evidenced by the separation Mr. Taylor made after January 6th from Hostetter and his antics. Mr. Taylor returned from January 6th recognizing his mistake, did not seek to justify or minimize, and ceased talking about the subject, while Hostetter upped his rhetoric to even higher levels. A truly stark contrast.

5. (Page 5) The government states Mr. Taylor "*often called for property destruction and political violence*" adding in quotes"

   "*Patriots that are ready to function as operators of disruption against Tyranny*" with the goal "*to remove authority.*"

   Mr. Taylor submits the full statement was made in reference to California Covid mandates and curfews on 11/16/2020 and is found in Exhibit 905.02-002 is as follows:

   **This group is exclusive to Patriots that are ready to function as operators of disruption against Tyranny! We are at War! Similar to Patriots that founded America we must now take action to specifically disrupt the tyranny of the Democratic dictators that are attempting to rule from on high with tyranny. This group will function as silent disruptors to remove authority. <u>This will be non-violent but will be civil disobedience.</u> This group does not seek attention it only asserts specific, precise, strategic action. The point is not to be arrested so all mission will be highly strategic and specific to execution."**

Please note this was not related to January 6th and states unequivocally that will be non-violent. Mr. Taylor did reference this frustration at the trial of Hostetter. (Underline added for emphasis)

6. (Page 5) The government submits Mr. Taylor:

    "He posted that the governor of California "[n]eeds to be drug out on the street," and that group members should "[s]torm" the California state capitol building. Exhibit 901.03";

    Mr. Taylor submits the entire statement was a response to another group post on Covid mandates and curfews. The statement was made on 11/16/20, the full relevant statements are as follows:

    > **Carmen Estel:** " Newsom needs to be THROWN OUT
    > **Carmen Estel:** "God how I wish we were not 8 hours from his sorry ass
    > **Mr. Taylor[2]:** "Needs to be drug out on the street"
    >
    > **Nicole Brown:** "Oh. This is a great thread.  Lets go to work"
    > **Mr. Taylor:** "Possibly this Saturday state capital!"
    > **Nicole Brown:** "I'm ready."
    > **Mr. Taylor:** "Storm it!"

Mr. Taylor never went to the California State Capital nor was there ever any such event at the California State Capital. This is the entirety of the statement. No further action was taken.

7. Beginning on Page 1 and then throughout their brief the government will refer to Mr. Taylor as an "organizer." This is stated on at least 8 separate occasions such as he "organized" chat rooms, conversation, or groups. At the same time, we note that they do not mention any time he was in charge, ordered, supervised, partook of any additional fruits of the crimes, authorized anyone to do anything or instructed any one to do anything.

---

[2] Mr. Taylor on screen name was Poerter Rockqwell – we use Mr. Taylor for ease of reference only

On Page 1 they call him a leader only to follow it with the phrase "he organized." The government has stated it most clearly on Page 4:

*"While Hostetter was the public face of the American Phoenix Project, Taylor worked to organize others to undertake anti-government conduct in California and ultimately in Washington D.C."*

We agree with this characterization and submit Mr. Taylor was an organizer and not a manager.

8. (Page 6-8) Noted Clarification: The whole second half of page 6 is a series of statements made by people other than Taylor. There were many people in these chat groups. The government wants to attribute these statements to Mr. Taylor, but we submit this is somewhat out of context, speculative, and unfair. We do not disagree that Mr. Taylor said things that were inappropriate and submit the Court should look to his statements and not the statements of others. This occurs again on page eight with some of Hostetter's statements.

   We of course do not disagree that Mr. Taylor made the full statement attributed to him on page 8. In fact, this full statement was read to the Court by Mr. Taylor's counsel in the original detention hearing when the government submitted a truncated version, to add the full context, to Mr. Taylor statement.

9. (Page 9). The government states that Mr. Taylor *"joined other members of their DC Brigade Telegram group and headed to the Ellipse for the speeches planned that morning. "*

   Mr. Taylor testified and has noted that the only people from the D.C. Brigade that showed up at the hotel were Hostetter, Morton Smith, and Hostetter's wife. That was the entire group of D.C. Brigade he ever saw until he took a couple of photos with Warner, Mele et all on the steps of the Capital later that day. We would remind the Court that this was the first and only time those men ever met. Mr. Taylor testified that they knew him because of his size but he had no idea who they were. There were many people on the

    streets that morning and Mr. Taylor did walk alongside them, but they were not part of the D.C. Brigade. This appears to be the entirety of the D.C. Brigade.

10. (Page 12). Mr. Taylor agrees the Police did clear the steps of the capital and they did push out the rioters. However, at no time did he ever touch or have personal contact with the police. The group was collectively pushed out. Mr. Taylor did leave.

    Mr. Taylor again notes that he does not seek to diminish his admission of guilt, but it is also fair to make corrections when warranted. Advocacy is understood and certainly the United States Attorney's Office is entitled to advocate on behalf of the executive branch. We ask only that the Court look to its own memory, the record, the Statement of Offense, and first-hand information which has been received as opposed to mischaracterizations, mistakes, or out of context statements in the governments brief or Mr. Taylor's brief.

Dated May 1, 2024

                      Respectfully Submitted,
                      Law Offices of Dyke Huish

                      _____
                      Dyke E. Huish
                      Attorney for Mr. Russell Taylor