IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA: | CASE NO. 21-CR-392 (RCL) |
| v. | **DEFENDANT TAYLOR MOTION TO WITHDRAW PLEA OR IN THE ALTERNATIVE DISMISS HIS CASE PURUSANT TO FISCHER V. UNITED** |
| RUSSELL TAYLOR, Defendant | |
| | **HONORABLE ROYCE C. LAMBERTH UNITED STATES DISTRICT JUDGE** |

Given the current state of litigation and the Governments posture on the January 6th cases Mr. Taylor submits this short brief and request for relief in an effort to save this Courts time. Mr. Taylor does not believe a detailed motion is required given the status of these cases and the Governments change in direction concerning the prosecution of all January 6 type cases.   Mr. Taylor is prepared to fully brief the Motion with a specific eye towards Federal Rules of Criminal Procedure Rule 32(d) which allows for the withdrawal of a plea when there is a change in law. Fischer v. United States is the change that eliminated the elements the plea was based upon in the instant case.

    Mr. Taylor has a good faith belief that the Court knows the law, the Government will not oppose this motion, and he would prevail based upon the law and the specific facts. The motion is short only to reduce the work of the Court but can be enhanced should the Court wish a full briefing.

## PRESENTATION OF ISSUES

1. Mr. Taylor plead guilty to a single count of 1512(k).   Counsel for Taylor repeatedly offered and tried to convince the Government to use a different charge, but they were set on this specific section. Even in the light of the pending Fischer case they would not be moved off this count.
2. Mr. Taylor, in part because of his cooperation, did not challenge the charge even after Fischer was granted. The facts of Fischer and this case are equivalent, and we submit there is no question Fischer warrants overturning his conviction.
3. Mr. Taylor could have made a motion any time prior to the receipt of his pardon, and we remain confident that said motion would have been granted upon the foundations of the Fischer case.1  He did not, but rather served his sentence and did not submit a motion to this Court. There was a certain trust that he believes he owed your Honor, and he intended to maintain that trust. The day he was sentenced he made certain commitments to this Court which he kept and will continue to keep.
4. The Court, on motion of counsel for Mr. Taylor, dismissed all other charges with prejudice at his sentencing.
5. Considering his pardon, counsel now feels it incumbent to move that this Court allow him to withdraw his guilty plea given the facts of this case in relation to the doctrines set forth in Fischer.
6. The government is barred from bringing new charges given both the dismissal with prejudice and the pardon.
7. While this motion may be deemed moot given the pardon, Mr. Taylor believes that under the ruling in Fischer, the fact he has been pardoned, and has kept his commitment to this

---

1 Rule **32(d)** and its predecessor, Rule 11(4) of the Criminal Appeals Rules of **1933.1** More particularly, it will consider: **(3)** the effect of a change in law subsequent to the entry of a plea.   In exercising their discretion under Rule **32(d)** to allow the withdrawal of a guilty plea, the federal courts have been guided **by** the mandate of the Rule "to correct manifest injustice." They have construed the Rule broadly to aid defendants who have acted in good faith, but have discouraged any attempt to rely on the Rule as a tactical device to secure the most favorable disposition of the case. Federal courts, in summary, have weighed the equities of each case and have avoided formulating rigid categories prescribing conditions which must be fulfilled before a motion can be granted.

Court his best course of action is to request he be allowed to withdraw his guilty plea and the matter then be dismissed.

8. Had there been no pardon issued this still would have been a viable and legally correct course. Although the arguments would have been more complicated, they still would have been no less true and in favor of Mr. Taylor. Given the pardon, the dismissal with prejudice, and the Fischer ruling there is and can be no case upon which he could now be charged or convicted as it relates to the events of January 6, 2021. Therefore, he should be allowed to withdraw his plea and the matter dismissed.

9. Given the Governments actions on all other January 6 cases and the prevailing information we have about these cases, we do not anticipate any objection or opposition to this motion. If Mr. Taylor has misread this, we would ask for oral arguments or the opportunity to further brief this request.

**PRAYER FOR RELIEF**

Accordingly, Mr. Taylor moves to withdraw his Guilty Plea which took place on 4/19/2023 before Judge Royce C. Lamberth as to Count 1 of the [89] Superseding Indictment filed on 12/1/2021. Mr. Taylor then moves to then enter a Plea of Not Guilty as to Count 1 of the [89] Superseding Indictment filed on 12/1/2021. A charge of 18 U.S.C. Section 1512(k). All other charges in the Indictment filed in this matter, having been previously dismissed with prejudice, are requested to remain in full force and effect.

Dated:   March 7, 2025

        Respectfully Submitted,
        Law Offices of Dyke Huish

        _____
        Dyke E. Huish
        Law Offices of Dyke Huish