UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-392-2 (RCL) |
| : | |
| RUSSELL TAYLOR, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO MOTION TO WITHDRAW**

The United States, through undersigned counsel, opposes this Motion To Withdraw Plea Or In The Alternative Dismiss His Case Pursuant To Fischer (ECF No. 530). Taylor is among those granted a Presidential pardon for crimes committed on January 6, 2021. Although the pardon is self-executing, he seeks other relief. ECF No. 530 at 3. In particular, he seeks leave of court to withdraw his plea of guilty. ECF No. 530 at 2. There is no legal avenue for the relief Taylor seeks.

Taylor pled guilty to Count 1 [Conspiracy to Obstruct an Official Proceeding under 18 U.S.C. § 1512(k)] of the superseding indictment, charging him with offenses related to his conduct on January 6, 2021. Following Taylor's cooperation in trials against others as part of his plea agreement with the United States, the Court held a sentencing hearing for Taylor on May 3, 2024, sentencing him to thirty-six (36) months of probation with the special condition that he be on home detention for a period of 180 days (6 months). ECF 492 at 2 & 4. He served the home detention part of his sentence and was on probation when the President pardoned him on January 20, 2025.

On June 28, 2024, the Supreme Court decided *Fischer v. United States*, holding that the 18 U.S.C. § 1512(c)(2) crime requires "impair[ment of] the availability or integrity for use in an official proceeding of records, documents, objects, . . . or other things used in the proceeding," such that interfering with the proceeding itself is not punishable as a § 1512(c)(2) crime. 603 U.S.

1

480, 498 (2024). Taylor's crime of conviction, 18 U.S.C. § 1512(k), was a conspiracy to violate § 1512(c)(2). He did not appeal his conviction nor attack it collaterally under 28 U.S.C. § 2255.[1]

## LEGAL ANALYSIS

The Court should deny Taylor's motion to withdraw his guilty plea as untimely and because the Court lacks jurisdiction to grant it. Under Federal Rule of Criminal Procedure 11(e), "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Taylor did not appeal his conviction here and can no longer timely do so. If the Court were to treat his motion to withdraw his plea as a collateral attack under 28 U.S.C. § 2255, the Court lacks jurisdiction to consider it because the collateral attack statute is available only to "[a] prisoner in custody." 28 U.S.C. § 2255(a). Taylor was not in custody when he filed the instant motion, is not in custody now, nor is he serving any form of supervised release. *See, e.g.*, *United States v. Verrusio*, 758 F. App'x 2, 3 (D.C. Cir. 2019) ("Pursuant to [§ 2255], a 'prisoner in custody under sentence of' a federal court may challenge convictions and sentences . . . . For petitioners released from a prison or detention facility, the Supreme Court has found custody only when they demonstrated a significant impingement on their freedom of movement."). The court thus lacks jurisdiction to grant habeas relief. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'"); *Doe v. U.S. Parole Comm'n*, 602 F. App'x 530, 533 (D.C. Cir. 2015) ("For purposes of federal law, whether a claim sounds in habeas is closely linked to whether the plaintiff is 'in

---

[1] This may have been because the plea agreement included comprehensive waivers of appeal and collateral attack rights. ECF 196 at 8-9.

2

custody,' as federal courts generally are without jurisdiction to grant a writ of habeas corpus on behalf of a person who is not."); *United States v. Ausby*. Cr. No. 72-67 (BAH), 2019 WL 2870232, at *3 (D.D.C. July 3, 2019) ("federal courts may grant § 2255 relief only when the defendant is 'in custody under sentence of a court' at the time the motion collaterally attacking that sentence or underlying conviction is filed"). A core effect of the Presidential pardon is that this case can no longer affect Taylor's freedom of movement in any way. His motion to withdraw his guilty plea should thus be denied.

## CONCLUSION

For these reasons, the United States opposes the motion and asks the Court to ORDER that his motion be DENIED.

Date: April 2, 2025

        Respectfully submitted,

        EDWARD R. MARTIN, JR.
        United States Attorney
        D.C. Bar No. 481866

By:   /S/ *Jennifer Leigh Blackwell*
       JENNIFER LEIGH BLACKWELL
       Assistant United States Attorney
       D.C. Bar No. 481097
       601 D Street, NW Washington, D.C. 20530
       Jennifer.blackwell3@usdoj.gov (202) 252-7068

       THOMAS T. BALLANTINE
       CA Bar No. 208193
       United States Attorney's Office
       for the District of Columbia
       601 D Street N.W.
       Washington, D.C. 20530
       (202) 514-2956
       Thomas.Ballantine@usdoj.gov