**IN THE UNITED STATE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>RUSSELL TAYLOR | CASE NO. 21-CR-392 (RCL)<br><br>**DEFENDANT TAYLOR REPLY TO GOVERNMENTS OPPOSTIONS TO HIS MOTION TO WITHDRAW PLEA OR IN THE ALTERNATIVE DISMISS HIS CASE PURUSANT TO FISCHER V. UNITED**<br><br>**HONORABLE ROYCE C. LAMBERTH UNITED STATES DISTRICT JUDGE** |

REPLY TO GOVERNMENTS OPPOSITION

Mr. Taylor submits the following reply to the Government's opposition to his request to withdrawal his plea.

At the outset Mr. Taylor submits that the situation before the Court appears to be unprecedented. First his case became factually one of innocence given the ruling in the Fischer case and second, he received a Presidential Pardon before he filed a request to withdraw his plea. The Government now suggests that he cannot collaterally attack his plea stating, "if the Court were to treat his motion to withdraw his plea as a collateral attack under 28 U.S.C. § 2255, the Court lacks jurisdiction to consider it because the collateral attack statute is available only to "[a] prisoner in custody."  This is not correct as he remains convicted of an erroneous legal conclusion given that the Fischer ruling has deemed his actions on a conviction of 1512(k) not one of a criminal nature.

A pardon "in no way reverses the legal conclusion of the courts; it 'does not blot out guilt or expunge a judgment of.'" *Hirschberg v. Commodity Futures Trading Com'n*, 414 F.3d 679, 682 (7th Cir. 2005), *citing In re North,* 62 F.3d 1434, 1437 (D.C. Cir. 1994); s*ee also Nixon v. United States,* 506 U.S. 224, 232 (1993) "A pardon is in no sense an overturning of a judgment of conviction by some other tribunal."[1]

---

[1] *Burdick v. United States,* 236 U.S. 79, 94 (1915) (a pardon "carries an imputation of guilt"); *United States v. Noonan*, 906 F.2d 958, 960 (3d Cir. 1990) (concluding that a pardon can only remove the punishment for a crime, not the fact of the crime itself, and holding that *Burdick* implicitly rejected the Supreme Court's prior sweeping

The effect of a presidential pardon is not to prohibit all consequences of a pardoned conviction, but rather to preclude future punishment for the conviction. *See Nixon, supra,* 506 U.S. at 232; *Bjerkan v. United States,* 529 F.2d 125, 127-28 (7th Cir. 1975). Thus, a pardon relieves legal disabilities arising under state or federal law solely by virtue of the conviction, but it does not preclude adverse action taken on the basis of the conduct underlying the conviction. *See, e.g., In re Abrams*, 689 A.2d 6 (D.C. App. 1997).

Given that a pardoned offense may be used as a predicate offense, and to enhance a subsequent sentence Mr. Taylor remains in a precarious position due to an improper legal conclusion. He therefore is still open to the relief described in §2255. The governments entire position seems to be predicated on the idea that because he was pardoned, he is not subject to any type of legal consequence. Given that he remains subject to certain legal consequences and that Fischer deemed his actions not to be criminal a collateral attack pursuant to §2255 is his only possible relief.

Because of Fischer the miscarriage-of-justice exception to the enforceability of a collateral-attack waiver would closely track—if not mirror—the actual innocence exception to the procedural default rule.[2] In short Mr. Taylor is innocent of the 1512(k) charge. Interestingly, if the Court granted this motion, as it should, the government would then be allowed to reconsider the dismissed charges pursuant to both case law and the plea agreement. But this is not most cases. In this case they are barred of bringing any charges by the dismissal of all other charges "with prejudice" granted by this Court. Furthermore, they did not oppose the request for the dismissal with prejudice at the time of the request. Thus, they are judicially barred to refile any charges against Mr. Taylor based on his actions on January 6. Finally, the Presidential Pardon made by the Executive Branch whom they represent also bars them from bringing back any of the charges leaving only the 1512(k) conviction which Fischer deemed not a crime and

---

conception of the pardoning power in *Ex Parte Garland*); *see* additional authorities cited in 30 Op. O.L.C. 1 (2006) ("Whether a Presidential Pardon Expunges Judicial and Executive Branch Records of a Crime").

[2] See, e.g., Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L.Ed.2d 828 (1998) (stating that a petitioner's appeal may proceed despite procedural default if he can show his actual innocence); Lewis v. Peterson, 329 F.3d 934, 936–37 (7th Cir. 2003) (stating that, to satisfy the actual-innocence exception to procedural default, a petitioner must show his actual innocence both of the crime of which he was convicted and of any more, or equally, serious charges the Government dropped in the course of plea bargaining – the 1512(k) was the most serious charge Taylor faced).

the leader of the Executive Branch whom they represent has deemed this and all other potential charges to be a pardoned offenses.

The net result is Mr. Taylor's only potential exposure in this case is the improper conviction under 1512(k). He should therefore be allowed to withdraw his plea for a crime to which he is innocent and still under the threat of said conviction. The matter should then be dismissed.

Respectfully Submitted,

*Dyke Huish*

Dyke Huish

Attorney for Russell Taylor