UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

RUSSELL TAYLOR,

    *Defendant*.

Case No. 1:21-cr-392-2-RCL

## MEMORANDUM ORDER

Mr. Russell Taylor was indicted in June 2021 on multiple felony and misdemeanor counts due to his participation in the Capitol Riots of January 6, 2021. *See* Superseding Indictment, ECF No. 89. On April 19, 2023, Mr. Taylor pleaded guilty to a single count: Conspiracy to Obstruct an Official Proceeding in violation of 18 U.S.C. § 1512(k). *See* Plea Agreement 1, ECF No. 196. In consideration of Mr. Taylor's acceptance of responsibility and extensive assistance in the prosecution of his co-defendants, Mr. Taylor was sentenced on May 3, 2024 to thirty-six months' probation and no term of incarceration. *See* Judgment, ECF No. 492. On June 28, 2024, the Supreme Court adopted an interpretation of 18 U.S.C. § 1512 that greatly narrowed the statute's ambit. *See Fischer v. United States*, 603 U.S. 480 (2024). On January 20, 2025, Mr. Taylor received a presidential pardon. *See* Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025).

Contending that he is innocent of the charge to which he pleaded guilty in light of *Fischer*, Mr. Taylor moved on March 9, 2025 to withdraw his plea of guilty and then to dismiss the case.[1]

---

[1] Mr. Taylor's Motion is styled in full as a "Motion to Withdraw Plea or in the Alternative Dismiss His Case Pursuant to *Fischer v. United States*." Mot. to Withdraw Plea at 1, ECF No. 530 (cleaned up). Despite this title, the body of his Motion does not suggest that he would be content with one form of relief or the other; rather, he seems to be asking for both forms of relief sequentially. *See id.* at 3 (requesting that Mr. Taylor "be allowed to withdraw his guilty plea and the matter then be dismissed"); *see also* Def.'s Reply at 3, ECF No. 539 ("[Mr. Taylor] should therefore be allowed to withdraw his plea for a crime to which he is innocent and still under the threat of said conviction. The matter should then be dismissed."). Moreover, all of the arguments contained in his Motion and Reply are directed toward withdrawing his guilty plea, rather than the separate question of dismissal. Therefore, the Court herein considers only

1

*See* Def.'s Mot to Withdraw Plea, ECF No. 530.  The Government has filed an opposition to Mr. Taylor's Motion.  *See* Gov's Opp'n, ECF No. 538.  Mr. Taylor has filed a Reply.  *See* Def.'s Reply, ECF No. 539.  The Motion is now ripe for this Court's review.  Because the Court lacks any mechanism for permitting the withdrawal of Mr. Taylor's guilty plea, his Motion is **DENIED**.

Mr. Taylor specifies Federal Rule of Criminal Procedure 32(d) as a basis for his Motion. The Court and the Government both believe that Mr. Taylor intended to rely upon Federal Rule of Criminal Procedure 11, which governs the withdrawal of a guilty plea.[2]

Rule 11(e) provides as follows: "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."  Mr. Taylor moved to withdraw his guilty plea more than ten months *after* the imposition of his sentence.  Accordingly, Rule 11 straightforwardly dictates that Mr. Taylor's plea can only be set aside by appeal or collateral attack.

Mr. Taylor did not appeal, and his time to appeal has run.  *See* Fed. R. App. P. 4(b)(1)(A) (a criminal defendant must file a notice of appeal within fourteen days of the entry of judgment or the order being appealed, or within fourteen days of the government's notice of appeal being filed, whichever is later).  Therefore, the only remaining legal avenue by which Mr. Taylor may challenge his guilty plea is via collateral attack, typically conducted under the rubric of 28 U.S.C. § 2255.  *See United States v. Farley*, 72 F.3d 158, 162 (D.C. Cir. 1995) ("[A]*fter* sentencing a plea may be set aside *only* on direct appeal or *via* a section 2255 motion.") (emphasis in original).

---

Mr. Taylor's request to withdraw his guilty plea.  If Mr. Taylor seeks another form of relief after this Order has issued, he should move for it separately, and provide legal argumentation specifically explaining his entitlement to it.

[2] The standards for withdrawal of a guilty plea were once partially housed in Rule 32, but the 2002 amendments to the Federal Rules of Criminal Procedure relocated those provisions to Rule 11; Rule 32(d), the provision Mr. Taylor cites, now provides parameters for the creation of a presentence report, which is irrelevant to this Motion.  *See* Advisory Committee Notes, 2002 Amendments, Fed. R. Crim. P. 11 ("Amended Rule 11(e) is a new provision, taken from current Rule 32(e), that addresses the finality of a guilty or nolo contendere plea after the court imposes sentence. The provision makes it clear that it is not possible for a defendant to withdraw a plea after sentence is imposed.").

However, even if the Court were to construe Mr. Taylor's Motion as a collateral attack under § 2255—a position which Mr. Taylor seems to adopt in his Reply brief, *see* Def.'s Reply at 1–2 (arguing that Mr. Taylor is eligible for relief under § 2255)—that interpretation would fare no better for him.  The statute provides that "[a] prisoner *in custody* under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a) (emphasis added).  Even assuming that his term of supervised release could have been considered "custody" for purposes of § 2255(a),[3] Mr. Taylor is no longer in custody today because the pardon that he received on January 20 extinguished his probationary sentence.  Therefore, Mr. Taylor is now statutorily ineligible to collaterally attack his guilty plea.  *See United States v. Williams*, 630 F. Supp. 2d 28, 30 (D.D.C. 2009) (rejecting a habeas claim on jurisdictional grounds because, "upon completion of [a] sentence, the defendant no longer remains 'in custody' within the meaning of § 2255 . . . .").[4]

Resisting this conclusion, Mr. Taylor offers two arguments, one doctrinal and one practical, neither of which is availing.  First, Mr. Taylor argues that, to the extent that he is now procedurally barred from bringing his § 2255 motion, the Court should entertain his challenge anyway because

---

[3] *See Banks v. Gonzalez*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007) (collecting cases for the proposition that "a petitioner who is on parole, probation, supervised release, or released on bail is deemed to be 'in custody' for habeas purposes"); *see also Doe v. U.S. Parole Comm'n*, 602 Fed. App'x 530, 533 (D.C. Cir. 2015) ("Even if an individual is not physically incarcerated, he or she may be 'in custody' for purposes of federal habeas law if 'significant restraints' are placed on his or her liberty.").

[4] The Court notes that there is another means of collateral attack which neither party mentions: "Section 2255(e), referred to as 'the savings clause' of § 2255, 'provides that if the remedy by motion is inadequate or ineffective to test the legality of [a] detention, [a] prisoner may utilize 28 U.S.C. § 2241 to collaterally attack the legality of his conviction or sentence.'"  *United States v. Armstead*, No. 13-cr-329-BAH, 2016 WL 10749633, at *2 (D.D.C. Nov. 2, 2016) (Howell, C.J.) (alterations in original) (quotation omitted) (citing *In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002)).  This route, however, would also prove to be a dead end for Mr. Taylor because the savings clause, by its own terms, applies only to "[a]n application for a writ of habeas corpus in behalf of *a prisoner* . . . ."  28 U.S.C. § 2255(e) (emphasis added).  For reasons already discussed, Mr. Taylor is not a "prisoner," and therefore cannot invoke the savings clause.

of the "actual innocence exception to the procedural default rule." Mot. to Withdraw Plea at 2. Mr. Taylor directs the Court to *Bousley v. United States*, in which the Supreme Court held that "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas . . . if the defendant can . . . demonstrate . . . that he is 'actually innocent.'" 523 U.S. 614, 623 (1998).

But this argument misunderstands the import of the "actual innocence exception." That exception functions to salvage a claim that would otherwise be barred due to a *procedural default*, i.e. the petitioner's failure to first raise the claim on appeal. *See, e.g.*, *Bousley*, 523 U.S. at 622–23 (contemplating the actual innocence exception in a case where the petitioner failed to challenge the validity of his plea on appeal and then sought to challenge it on collateral review); *Murray v. Carrier*, 477 U.S. 478, 482, 497 (1986) (respondent procedurally defaulted by failing to argue on appeal that the trial judge had erred by not permitting the defendant to discover the victim's statements to police; Supreme Court remanded with instructions to consider whether the victim's statements "would establish respondent's actual innocence"). Put differently, the actual innocence exception softens the usual rule that "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley*, 523 U.S. at 621 (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quotations omitted)).

In this case, however, the impediment to adjudicating Mr. Taylor's § 2255 claim is not that he procedurally defaulted by failing to first raise his arguments on appeal. Rather, the obstacle is the jurisdictional requirement, embedded in the statute itself, that a federal habeas petitioner must be in custody at time of filing. Actual innocence may excuse certain procedural errors, but it does not allow this Court to rewrite the federal habeas statute and excise a jurisdictional constraint that Congress ordained.

4

Second, Mr. Taylor offers a more pragmatic argument. He urges that his situation "appears to be unprecedented,"[5] and urges that it is unfair that he should suffer the lasting consequences of a guilty plea simply because he received a pardon before he mounted this challenge. Mr. Taylor is correct to note that he could suffer collateral consequences from his guilty plea remaining on the books. For example, Application Note 10 to § 4A1.2 of the U.S. Sentencing Guidelines Manual provides that, if a defendant has been pardoned for a "reason[] unrelated to innocence or errors of law," the underlying conviction should be counted toward the defendant's criminal history score.[6]

If Mr. Taylor believes that he remains jurisdictionally able to proceed under § 2255 because of the lingering effects of his guilty plea, he is mistaken: in *Maleng v. Cook*, the Supreme Court squarely rejected the argument that "the possibility that the prior conviction will be used to enhance

---

[5] Though the Court is unaware of any cases perfectly resembling Mr. Taylor's, there are some cases that are somewhat similar. In *United States v. Davis*, a court considered whether a defendant who had been pardoned after pleading guilty but *before being sentenced* could withdraw his guilty plea and enter a plea of not guilty instead. 429 F. Supp. 503, 505 (E.D.N.Y. 1977). The court denied the defendant's motion, reasoning that "the denial of one's guilt (i.e., a plea of 'not guilty') after a pardon has been tendered constitutes a rejection or waiver of the pardon," an outcome which the court assumed the defendant did not want. *Id.* at 505 & n.2 (citing *United States v. Wilson*, 32 U.S. (7 Pet.) 150 (1833)). The D.C. Circuit has seemingly softened its stance on whether the acceptance of a pardon is necessarily inconsistent with maintaining one's innocence. *Compare In re North*, 62 F.3d 1434, 1437 (D.C. Cir. 1994) ("[T]he acceptance of a pardon implies a confession of guilt."), *with United States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001) ("[A]cceptance of a pardon *may* imply a confession of guilt.") (emphasis added). Ultimately, because this Motion is resolved entirely on procedural and jurisdictional grounds, the Court need not address whether a not guilty plea is conceptually reconcilable with the acceptance of a pardon.

And in *United States v. Flynn*, a court in this District considered a joint motion to dismiss a case as moot after the defendant, who had previously moved to withdraw his guilty plea, received a presidential pardon. 507 F. Supp. 3d 116, 123–24, 126 (D.D.C. 2020). The court agreed with the parties that the pardon rendered the case moot. Respectfully, this Court will not follow the logic of *Flynn* here. Mr. Taylor's case is not moot because, if he were allowed to change his plea, he might receive real benefits, such as a reduction in his hypothetical criminal history score. At least one Circuit Court of Appeals has adopted this view as well. *See Lorance v. Commandant, U.S. Disciplinary Barracks*, 13 F.4th 1150, 1165 (10th Cir. 2021) (case was not moot after pardon because vacatur of the convictions would "impact [the petitioner's] criminal history, ability to obtain military benefits, and likelihood of passing a bar character and fitness investigation"); *see also Bjerkan v. United States*, 529 F.2d 125, 129 (7th Cir. 1975) (Fairchild, C.J., dissenting) ("The Presidential Pardon . . . does not remove all of the 'collateral consequences' of [the plaintiff's] conviction. Therefore, I am unable to agree with the majority that this case is now moot.").

[6] Mr. Taylor maintains that he is, in fact, innocent of his § 1512 charge as reinterpreted in *Fischer*, but he does not argue that he was *pardoned due to his innocence*—and indeed, the Executive Order announcing his pardon nowhere states that it was promulgated due to the recipients' "innocence" or to correct any "error[] of law."

the sentences imposed for any subsequent crimes" renders a petitioner "in custody," and thus jurisdictionally eligible to seek federal habeas relief. 490 U.S. 488, 492 (1989).

But Mr. Taylor's argument can instead be interpreted as an appeal to basic fairness. To paraphrase: A person who pleads guilty to violating a given statute, that is later reinterpreted in such a way as to suggest his actual innocence, should not have to suffer the enduring consequences of the guilty plea merely because he was pardoned and released from custody before he could lodge his collateral challenge. In other words, a pardon—which, after all, is meant to *relieve* the effects of a criminal conviction—should not have the perverse effect of immunizing the subject's guilty plea from judicial scrutiny.

Intuitively, that argument has some persuasive force, but it is fruitless all the same. To be sure, Mr. Taylor finds himself in an unusual procedural quandary, but the Court could not extricate him from it except by transgressing the plain letter of the Federal Rules of Criminal Procedure and 28 U.S.C. § 2255, and by flouting the Supreme Court's habeas jurisprudence. The Court is powerless to ignore these strictures, even if it were otherwise moved by Mr. Taylor's entreaties.[7]

Therefore, upon consideration of Mr. Taylor's Motion to Withdraw Plea, the response and reply thereto, and the entire record herein, it is hereby

**ORDERED** that the Motion is **DENIED**.

Date: April 25, 2025

Royce C. Lamberth
United States District Judge

---

[7] Moreover, with respect to Mr. Taylor's concern that the lingering guilty plea might negatively impact his criminal history score if he should be sentenced for a future crime, he is reminded that the Sentencing Guidelines are advisory. *United States v. Booker*, 543 U.S. 220, 245 (2005). He would be free to explain his situation to the judge at any hypothetical future sentencing and request a below-Guideline sentence.